IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

FILED ____ LODGED
RECEIVED ____ COPY

MAY 2 3 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

| | |
|---|---|
| Jason Adam Jensen, | ) |
| Plaintiff, | ) |
| | ) Case No.:   CV-25-00246-TUC-SHR |
| v. | ) |
| | ) Jury Trial Demanded |
| Pam Bondi, | ) |
| Defendant. | ) |
| _____ | ) |

COMPLAINT OF DUE PROCESS VIOLATIONS IN FORMA PAUPERIS

PROCEDURE UNDER 28 U.S.C. § 1915

I. INTRODUCTION

This action challenges the constitutionality and systemic application of 28 U.S.C. § 1915, asserting that the current in forma pauperis (IFP) process functions as an institutional barrier against indigent and disabled litigants. Plaintiff, a qualified individual under the Americans with Disabilities Act (ADA), seeks relief for constitutional and statutory violations that arise when public financial affidavits and procedural dismissals deny meaningful access to courts.

## II. JURISDICTION AND VENUE

Jurisdiction is conferred by 28 U.S.C. § 1331 and 42 U.S.C. §§ 12132-12134. Venue is proper under 28 U.S.C. § 1391(b) as the underlying acts occurred in Tucson, Arizona, where Plaintiff resides.

## III. PARTIES

Plaintiff Jason Adam Jensen is an adult residing in Tucson, Arizona, diagnosed with Autism Spectrum Disorder. Defendant Pam Bondi is sued in her official capacity for policies and practices that perpetuate procedural inequities under the IFP statute.

## IV. STATEMENT OF CLAIM

A. Procedural Entrapment and Public Disclosure

The requirement for repetitive, detailed financial affidavits violates privacy and ADA rights. It subjects vulnerable individuals to exploitation and stigmatization.

B. Rule 12(b)(6) as a Procedural Weapon

Post-IFP dismissal under Rule 12(b)(6) contradicts Rule 1 of the Federal Rules of Civil Procedure. It forecloses substantive review and encourages procedural avoidance.

C. Systemic Prejudice Against the Disabled

IFP applications bias courts against mentally disabled litigants by anchoring credibility to financial status, thereby institutionalizing prejudice.

D. ADA Violations

The current administration of IFP fails to provide reasonable accommodations under Title II of the ADA, effectively excluding qualified individuals from access to legal remedies.

E. Constitutional Violations

1. First Amendment: The chilling effect of procedural traps limits access to judicial petition.

2. Fifth and Fourteenth Amendments: Systemic disparities violate due process and equal protection principles.

## V. LEGAL FRAMEWORK

Under Rule 1 of the Federal Rules of Civil Procedure, the courts are mandated to ensure just, speedy, and inexpensive adjudication. The IFP framework, when misapplied, impairs this objective and conflicts with the ADA.

## VI. DENIAL OF ACCESS TO DISCOVERY AND JUDICIAL PROTECTION

In the District of Arizona, pro se litigants cannot issue subpoenas without specific court orders. This policy, combined with the denial or delay of IFP status, suspends basic rights to discovery and legal protection. It renders litigants unable to compel evidence or preserve witness testimony, obstructing access to substantive legal relief and creating a discriminatory imbalance between represented and unrepresented parties. The inability to pay filing fees thereby becomes a functional bar to justice itself.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

1. Declare 28 U.S.C. § 1915 unconstitutional as applied;

2. Enjoin Defendant from its continued enforcement without ADA-compliant reform;

3. Award compensatory and punitive damages;

4. Grant any further relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this May, 23rd, 2025.

Jason Adam Jensen

Pro Se Plaintiff

4449 East 13th Street

Tucson, AZ 85711

jasonajensen@gmail.com

402-598-1285

**Certificate of Generation and Compliance**

This document was created by GPT-4 pursuant to the District of Arizona AI Regulated Public Use Functional Description and is governed by the licensing rules attached thereto.

Dated: May 23rd, 2023

Jason Adam Jensen