**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jason Adam Jensen,

        Plaintiff,

v.

Pamela Bondi,

        Defendant.

No. CV-25-00246-TUC-JGZ

**ORDER**

On May 23, 2025, pro se Plaintiff Jason Adam Jensen, who is proceeding in forma pauperis, filed a Complaint against Pam Bondi in her official capacity "for policies and practices that perpetuate procedural inequities under the [in forma pauperis (IFP)] statute." (Doc. 1 at 2.) In a December 8, 2025 Order, the Court dismissed the Complaint because Plaintiff had failed to state a claim. (Doc. 10.) The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On January 5, 2026, Plaintiff filed a First Amended Complaint (Doc. 11). On February 4, 2026, Plaintiff filed a Motion for Leave to Supplement Complaint and Join Defendant. (Doc. 12.) The Court will deny Plaintiff's Motion for Leave to Supplement Complaint and Join Defendant and dismiss the First Amended Complaint.

## I.  Screening of In Forma Pauperis Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . .

(B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court will dismiss Plaintiff's Complaint for failure to state a claim, and deny leave to amend.

- 2 -

## II.    First Amended Complaint

Plaintiff is a resident of Tucson, Arizona and has been diagnosed with autism spectrum disorder. He sues Defendant Bondi in her official capacity as U.S. Attorney General "for policies and practices that perpetuate procedural inequities under the [in forma pauperis (IFP)] statute." (Doc. 1 at 2.)

Plaintiff's First Amended Complaint includes a "Factual Allegations" section. Many of the statements in Plaintiff's "Factual Allegations" section are not factual allegations but are instead citations to statutory authority and legal conclusions, which the Court is not required to accept as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, exclusive of legal conclusions and citations to statutory authority, Plaintiff alleges as follows.

Plaintiff is indigent, unrepresented, and diagnosed with autism, and he identifies himself as part of the "Institutionally Indigent." (Doc. 11 ¶ 4.) Plaintiff alleges that he has been subjected to the in forma pauperis ("IFP") screening framework under 28 U.S.C. § 1915(e), which permits courts to dismiss claims sua sponte prior to service. (*Id.* ¶¶ 10–12.)

Plaintiff contends that the current IFP screening regime allows courts to dismiss claims for failure to state a claim before an adversarial proceeding occurs, thereby depriving indigent litigants of meaningful access to the courts. (*Id.* ¶¶ 7–15.) Plaintiff further alleges that the Department of Justice, through the Attorney General, maintains a "litigation posture" that defends and perpetuates this screening regime. (*Id.* ¶¶ 12–13.)

Plaintiff asserts that this framework disproportionately impacts indigent litigants and individuals with disabilities by subjecting them to pre-service merits review, which he contends violates due process, equal protection, and the First Amendment right to petition. (*Id.* ¶¶ 16–19.) Plaintiff seeks declaratory and injunctive relief requiring changes to the administration and defense of § 1915(e). (*Id.* at 10–11.)

### A.    Claims for Relief

Plaintiff asserts two claims against Defendant, seeking relief under the Administrative Procedure Act. In Count One, Plaintiff alleges that Defendant's

maintenance of a litigation posture supporting § 1915(e) is "contrary to constitutional right" in violation of 5 U.S.C. § 706(2)(B). (Doc. 11 ¶¶ 62–65.)

In Count Two, Plaintiff alleges that Defendant's conduct is "arbitrary and capricious" in violation of 5 U.S.C. § 706(2)(A), asserting that the government inconsistently justifies IFP screening while denying indigent litigants meaningful access to judicial review. (*Id.* ¶¶ 66–69.)

### B.    Failure to State a Claim

A claim against an individual in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). "In an official-capacity suit[,] the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Los Angeles County v. Humphries*, 562 U.S. 29, 39 (2010) (the "'policy or custom' requirement [in *Monell*] applies in § 1983 cases irrespective of whether the relief sought is monetary or prospective."). A plaintiff must allege, as a matter of law, that a specific policy or custom caused him to suffer constitutional injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006).

Although Plaintiff alludes broadly to policies that "that perpetuate procedural inequities under the IFP statute," he has failed to identify specific policies and customs that allegedly caused him injury and has failed to explain how he was personally harmed by such policies or customs. Plaintiff's allegations regarding a DOJ "litigation posture" are generalized and conclusory. He does not identify a discrete agency action, final agency action, or particular policy attributable to Defendant Bondi that caused him a concrete injury.

Moreover, Plaintiff's allegations primarily challenge the way courts apply 28 U.S.C. § 1915(e), rather than conduct by Defendant Bondi. Yet Defendant Bondi has no role in IFP screening. Under the statute, *a court* is required to screen and dismiss a complaint filed by a person with IFP status if the action is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) (providing "the court *shall* dismiss the case at any time" if the court

determines that . . . the action of appeal is frivolous or fails to state a claim on which relief may be granted) (emphasis added). The Attorney General does not and cannot control judicial decision-making, including how courts screen complaints filed by litigants proceeding in forma pauperis. Thus, Plaintiff has failed to plausibly allege that Defendant Bondi caused, or could cause, the constitutional deprivation he asserts.

Accordingly, Plaintiff has failed to state a claim, and the First Amended Complaint will be dismissed on that basis.

**III.    Motion for Leave to Supplement and Join Defendant**

Plaintiff seeks to supplement his First Amended Complaint based on events that allegedly occurred after its filing, asserting the events arise from the same series of events. (Doc. 12.) In support, Plaintiff alleges that because this Court denied him in forma pauperis status in a different case, he was forced to seek redress for his common carrier dispute via protest at The UPS #6850 Store, which resulted in his arrest for disorderly conduct.  He seeks to join The UPS Store as a defendant. (*Id.*)

Rule 20(a)(2) allows a defendant to be joined in an action if:

> (A) ***any right to relief is asserted against them*** jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).

Here, Plaintiff's protest and arrest at The UPS Store #6850 do not arise out of the same transaction or occurrence as the Plaintiff's claims against the U.S. Attorney General for her litigation posture regarding IFP screening. Nor do Plaintiff's claims present common questions of law or fact sufficient to satisfy Rule 20(a)(2). Instead, the proposed claims involve distinct factual circumstances and would introduce new issues unrelated to the operative complaint. Accordingly, even if the First Amendment complaint were not subject to dismissal, joinder of The UPS Store #6850 under Rule 20 would be improper, and the Motion will be denied.

## IV.    Leave to Amend

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. U.S.*, 90 F.3d 351, 355 (9th Cir. 1996).

Here, the Court will deny leave to amend because amendment would be futile. Plaintiff's claims challenge the way the Court screens in forma pauperis complaints under 28 U.S.C. § 1915(e), a function committed to the judiciary—*not* the Attorney General. Because Defendant has no authority over judicial screening decisions, Plaintiff cannot plausibly allege that Defendant caused or could remedy the alleged constitutional injury. This defect cannot be cured by amendment.

Accordingly,

**IT IS ORDERED:**

(1)    Plaintiff's Motion to Join The UPS Store #6850 as a Defendant (Doc. 12) is **denied**.

(2)    The First Amended Complaint (Doc. 11) is **dismissed with prejudice** for failure to state a claim.

(3)    This Clerk of Court must close this action.

Dated this 24th day of April, 2026.

_____
Jennifer G. Zipps
Chief United States District Judge

- 6 -